OPINION
On March 10, 1992, defendant-appellant, Harold N. Dickinson, was indicted on three counts of rape, one count of kidnapping, one count of aggravated burglary, and one count of felonious assault. Defendant pled guilty to two counts of rape and kidnapping and the other counts were dismissed. As a result of his guilty plea, defendant was sentenced to a period of incarceration of five to twenty-five years on each count, with these sentences to be served consecutively. All counts arose from an incident involving one victim.
In March 1997, the Ohio Department of Rehabilitation and Corrections recommended that defendant be adjudicated a sexual predator under R.C. Chapter 2950. On November 29, 1999, a sexual predator classification hearing was held upon remand following an appeal on authority of State v. Cook (1998), 83 Ohio St.3d 404. At the conclusion of defendant's hearing, the Union County Court of Common Pleas adjudicated defendant a sexual predator. Defendant now appeals that determination and raises the following assignment of error:
 The trial court's decision was against the manifest weight of the evidence, and that appellee did not prove, by clear and convincing evidence that appellant was likely to engage in the future, in one or more sexually oriented offenses.
 Defendant contends that the State did not prove by clear and convincing evidence that he was likely to engage in the future in a sexually oriented offense and that the trial court's adjudication of defendant as a sexual predator is against the manifest weight of the evidence.
In conducting its review of the sexual predator determination in State v. Cook, supra, at 426, the Ohio Supreme Court reasoned as follows:
 Our review of the record persuades us that the defendant had a fair hearing, that he was ably represented by competent counsel, and that the court considered the criteria under R.C. 2950.09(B)(2), and fairly evaluated the defendant and his counsel's responses. Although the trial judge did not state that his findings were to a "clear and convincing standard," we presume that the judge followed the law. State v. Martin (1955), 164 Ohio St. 54, 59, 57 O.O. 84, 87, 128 N.E.2d 7, 12. The statute does not require the court to list the criteria, but only to "consider all relevant factors, including" the criteria in R.C. 2950.09(B)(2) in making his or her findings. We find here, from the evidence in the record, that the judge did so.
 "Sexual predator" is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Defendant's conviction of gross sexual imposition constitutes a conviction of a sexually oriented offense. R.C. 2950.01(D)(1). As for the likelihood that defendant would engage in the future in one or more sexually oriented offenses, the trial court had in its possession information regarding the 1995 incident involving sexual contact with a girl in Florida, as well as the 1996 disorderly conduct conviction based on sexual contact with a six- and an eight-year-old. This court finds no plain error on these facts. Therefore, the determination that defendant is a sexual predator is not against the manifest weight of the evidence.
 At the sexual predator hearing in the instant case, the prosecutor stated that defendant had pled guilty to two counts of rape and one count of kidnapping in 1992. In relating the facts to the trial court upon which defendant's convictions were predicated, the prosecutor informed the court that defendant entered the victim's residence and used force by way of threats and a knife to repeatedly rape her. The prosecutor further indicated the victim complained of pain in her left hip and forearm, and swelling in the inside of her thighs. According to her statements in the file, the prosecutor noted defendant had told her that he was getting even for some sexual problem that happened "a long time ago." Both the defendant and the victim were forty-two years old at the time of these specific offenses.
The defendant then advised the trial court of a medical condition and at the present time he is confined to a wheelchair. According to defendant, the reason he did not complete the sexual predator counseling in Lebanon was that he would not receive a certificate from such program. There was also testimony from the defendant that he was on the waiting list for the Magellan Program.
Given the evidence presented to the trial court surrounding the convictions in this case, establishing the nature of defendant's offenses and the fact that defendant used threats or cruelty in repeatedly raping the woman, we find that the trial court had sufficient evidence before it from which to determine by clear and convincing evidence that defendant was a sexual predator as defined by the statute. Consequently, the trial court's determination is not against the manifest weight of the evidence.
Accordingly, defendant's sole assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 ______________________________ SHAW, PRESIDING JUDGE
 WALTERS and BRYANT, JJ., concur.